IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                                              CRIMINAL ACTION NO. 5:09-cr-00240-01

BELINDA WILSON,

          Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

The Court has reviewed Defendant's letter-form *pro-se* "3582 Motion to File for Sentence Reduction of Fair Sentence Act" (Document 101), wherein she requests that the Court apply the Fair Sentencing Act retroactively to her case pursuant to the recent Sixth Circuit Court of Appeals opinion in *United States v. Blewett*, 2013 WL 2121945 (6th Cir.2013). In *Blewett,* the Sixth Circuit held that pursuant to the Equal Protection Clause, the Fair Sentencing Act of 2010 ("FSA") must be applied retroactively to all defendants, including those sentenced prior to its enactment. (*Id.*) Therefore, Defendant contends that she should be re-sentenced.

Congress enacted the FSA on August 3, 2010, which reduced the disparity between statutory penalties for cocaine base ("crack") and powder cocaine offenses. (*See* Pub.L. No. 111–220, 124 Stat. 2372 (Aug. 3, 2010)). On November 1, 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. (*See,* Supplement to 2010 Guideline Manual, § 2D1.1. (Nov. 1, 2010)). Permanent amendments implementing the FSA became effective on November 1, 2011. (*See,* U.S.S.G. App.

C, Amend. 750 (Nov. 1, 2011)). The Sentencing Commission later voted to give retroactive effect to the permanent amendments. (*See, id.* at Amend. 759.) The Fourth Circuit Court of Appeals has clearly held that the FSA does not apply retroactively to defendants sentenced prior to its effective date of August 3, 2010. *United States v. Allen*, No. 12-4168, 2013 WL 1777564, at * 7-8 (4th Cir.2013); *United States v. Bullard,* 645 F.3d 237, 248 (4th Cir.), *cert. denied,* 132 S.Ct. 356 (2011). The Court is bound by this Fourth Circuit precedent, not recent Sixth Circuit case law.

In this case, Defendant was sentenced on May 19, 2010, prior to the effective date of the FSA.[1] (Document 68.) Therefore, according to Fourth Circuit precedent, the FSA cannot be applied retroactively to her case. Moreover, even if it did apply, her sentencing range would remain unchanged because she was sentenced as a career offender.[2] U.S.S.G. § 4B1.1(b).

Based upon the foregoing, the Court **ORDERS** that Defendant's motion (Document 101) be **DENIED.** Further, the Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 18, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1] On May 19, 2010, Defendant was sentenced to seventy-two (72) months in custody for Distribution of a Quantity of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). (Document 68.)

[2] At sentencing, the Court found that Defendant qualified for the career offender enhancement under Section 4B1.1(a). Because the offense carries a statutory maximum of twenty (20) years, the offense level is thirty-two (32) pursuant to Section 4B1.1(b). Defendant also received a three-level reduction for acceptance of responsibility, resulting in an offense level of twenty-nine (29). Because the career offender status applied to Defendant, her criminal history category was VI. With a Total Offense Level of twenty-nine (29) and a Criminal History Category of VI, Defendant's advisory guideline range was 151 to 188 months. However, the Court varied downward and sentenced Defendant to seventy-two (72) months in custody based upon the quantity of drugs attributable to her (less than one gram of cocaine base) and her history and characteristics.